UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

         Plaintiff,

    v.                                       23-CV-246-LJV
                                            ORDER

UNITED STATES FEDERAL
MARSHALS,

         Defendant.
_____

      The *pro se* plaintiff, David C. Lettieri, is a prisoner confined at the Northeast Ohio Correctional Center. On June 14, 2023, he was found guilty by a jury of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b), *United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023), but he has not yet been sentenced because his post-trial motion for acquittal and a new trial was only recently decided, *see id.*, Docket Item 157 (W.D.N.Y. July 26, 2023); *id.*, Docket Item 168 (W.D.N.Y. Oct. 6, 2023).

      On March 20, 2023, Lettieri filed a complaint against the "United States Federal Marshals," which this Court construes as a complaint against the United States Marshals Service (the "Marshals Service"). Docket Item 1. Lettieri has filed several motions and requests in this action, including a motion for this Court's recusal. Docket Items 9-12, 15-19. He also has filed a notice of appeal, Docket Item 6, from a prior order denying him permission to proceed *in forma pauperis* ("IFP"). For the following reasons, Lettieri's motion for recusal is denied, Lettieri is granted leave to proceed IFP, and Lettieri's remaining motions and requests are denied.

**DISCUSSION**

Normally, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Nevertheless, the Court may deny Lettieri's motions under Federal Rule of Civil Procedure 62.1, which allows a district court to deny a "timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."

I. **MOTION FOR RECUSAL**

A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned" and in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455.  "[R]ecusal motions are committed to the sound discretion of the district court."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

Lettieri asserts that the Court is "prejudice[d] towards" him and has violated his due process rights because it "has not moved this case [f]orward and has [b]een stalling [i]t by claiming the [IFP] paperwork [i]s [i]ncomplete."  Docket Item 18 at 1; Docket Item 19.  Lettieri also says that on June 13, 2023, the Court told Lettieri that if "[Lettieri] was having [his] consti[tu]tional rights violated," he should "seek civil [relief]."  Docket Item 18 at 2; Docket Item 19.  Despite that direction, Lettieri says, the Court is holding Lettieri's civil cases "[i]n [l]imbo."  Docket Item 18 at 2.

2

This Court previously denied a motion seeking the Court's recusal based, in part, on Lettieri's assertion that the Court is delaying the process of Lettieri's civil cases. *Lettieri v. Western District of New York*, Case No. 23-cv-770, Docket Item 7 at 4-6 (W.D.N.Y. Sept. 11, 2023).  The instant motion for recusal is denied for the same reasons set forth in that decision.  *Id.* (explaining that delay is not a basis for recusal and denying Lettieri's motion for recusal "[b]ecause this Court has no bias and knows no reason why its impartiality might be questioned").  The Court will not spend more of its limited time repeating those reasons.

## II.   IFP

Lettieri's original IFP motion was incomplete.  Docket Item 2; *see* Docket Item 3.  On April 3, 2023, the Court administratively terminated this action, informed Lettieri of the requirements of a complete IFP motion, and gave Lettieri 30 days to submit a complete IFP motion that included a signed authorization permitting the institution in which he is confined to pay the $350.00 filing fee, over time, from his trust fund account, 28 U.S.C. § 1915(a)-(b).  Docket Item 3.  On April 13, 2023, Lettieri submitted a second IFP motion, Docket Item 5, and on April 21, 2023, Lettieri appealed the order administratively terminating this action, Docket Item 6.  On April 25, 2023, the Court entered a second order administratively terminating this action, again informed Lettieri of the requirements of a complete IFP motion, and gave Lettieri 30 more days to submit a complete IFP motion with a signed authorization.  Docket Item 8.  On May 24, 2023, Lettieri finally submitted the required authorization.  Docket Item 13.  Because Lettieri

now has complied with the requirements to proceed IFP, 28 U.S.C. § 1915(a)-(b), his motion for leave to proceed IFP is granted.[1]

The Court defers screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A until the Second Circuit decides Lettieri's appeal. *See Lettieri v. Western District of New York*, Case No. 23-cv-770, Docket Item 7 at 5 (deferring screening because "[t]he Court does not know of any [rule] that allows district courts to screen complaints while a notice of appeal is pending"). Because the Court defers screening, Lettieri's motions to set a trial date and motion for an immediate trial, Docket Items 15, 16, his subpoena requests, Docket Items 9, 11, 17, and his request to take a deposition, Docket Item 12, are denied as premature.

### III.  MOTION FOR A RESTRAINING ORDER

Lettieri seeks a restraining order against the Marshals Service pending the disposition of this case. Docket Item 10 at 1-2. He complains that during his pretrial detention, the Marshals Service arbitrarily transferred him among different local jails in this district. *Id.* Lettieri also requests that the Court's pretrial detention order be modified so that the Marshals Service does not have custody over him. *Id.*

The Attorney General "shall provide for the safe-keeping of any person arrested[] or held under authority of any enactment of Congress pending commitment to an

---

[1] In several other cases in which Lettieri both appealed the denial of a motion to proceed IFP and submitted a renewed IFP motion, the Second Circuit directed this Court to decide the renewed IFP motion. *See, e.g.*, *Lettieri v. DOJ*, Case No. 23-cv-774, Docket Item 9 (W.D.N.Y. Sept. 5, 2023) ("[Lettieri's] appeal may not move forward until the [pending IFP] motion is determined."). The Court decided those motions at the Second Circuit's direction, *see, e.g.*, *id.*, Docket Item 10 (W.D.N.Y. Sept. 11, 2023), and assumes based on those notices from the Second Circuit that it has the authority to decide Lettieri's renewed IFP motion in this case.

institution." 18 U.S.C. § 4086.  The Attorney General has delegated authority to the Marshals Service regarding the custody of prisoners.  See 28 C.F.R. 0.111(o), 0.111(k); see also Lyons v. Clark, 694 F. Supp. 184, 186 (E.D. Va. 1988), aff'd, 887 F.2d 1080 (4th Cir. 1989) ("The authority to designate the place of incarceration is squarely within the broad discretion of the Attorney General of the United States."); United States v. Dixon, 2021 WL 4129623, at *2 (D. N.D. Sept. 9, 2021) ("Where [a] defendant is housed pending trial is a matter . . . left to the discretion of the United States Marshals Service.").  Furthermore, "it is well-settled that [] inmates have no right to choose where they are housed."  Canales v. Sheahan, 2019 WL 609597, at *4 (W.D.N.Y. Feb. 13, 2019) (alterations, citation, and internal quotation marks omitted).

Accordingly, the Court lacks the authority to grant Lettieri's motion.  Lettieri's motion for a restraining order against the Marshals Service therefore is denied.

Lettieri also seeks a restraining order against Assistant United States Attorney Paul E. Bonanno, one of the prosecutors on Lettieri's criminal case.  Docket Item 10 at 3-4.  The basis for that request is unclear, see id., so Lettieri's motion for a restraining order against Bonanno is denied as well.

## IV.    ABUSE OF THE JUDICIAL PROCESS

Lettieri's motions in this action—like virtually all his filings that have been addressed in the more than 50 actions he has commenced in this District—lack any basis in law or fact and are frivolous.  The Court recently found that Lettieri "has engaged in a pattern of abuse of the judicial process" and cautioned Lettieri that if he continues to abuse the judicial process, he will be sanctioned.  In re: David C. Lettieri, Case No. 23-mc-32, Docket Item 1 (W.D.N.Y. Sept. 5, 2023).  Lettieri is advised again

that if he continues to abuse the judicial process he will be sanctioned. Sanctions may include an injunction barring the filing of actions in this Court without first seeking leave of court, dismissal of any pending actions, and monetary fines.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Lettieri is granted leave to proceed IFP and the Court defers screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A pending disposition of Lettieri's appeal by the United States Court of Appeals for the Second Circuit; and it is further

ORDERED that Lettieri's motions and requests, Docket Items 9-12, 15-19, are DENIED; and is further

ORDERED that the Clerk of the Court shall send this order to Lettieri at both the Northeast Ohio Correctional Facility and the Niagara County Jail; and it is further

ORDERED that Lettieri shall notify the Court in writing if his address changes. The Court may dismiss the action if he timely fails to do so.

SO ORDERED.

Dated:   October 18, 2023
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE